NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA LETICIA MALDONADO-ZORIANO; SHIRLEY MICHELLE HERRERA-MALDONADO, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No.  20-72009 <br><br> Agency Nos.   A208-367-242 <br> A208-367-243 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026[**]
Pasadena, California

Before:  FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioners Ana Maldonado-Zoriano (Ana) and her daughter Shirley Herrera-Maldonado (Shirley) are natives and citizens of Honduras who seek review of the Board of Immigration Appeals' (BIA) denial of their request for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's legal conclusions de novo, and its factual findings for substantial evidence, *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), we deny the petition. Under substantial-evidence review, we must uphold the agency's determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Urias-Orellana v. Bondi*, 607 U.S. 537, 544 (2026) (citation modified).

1. ***Asylum & Withholding of Removal.*** Petitioners challenge the agency's conclusion that, for purposes of asylum and withholding, they failed to establish a nexus between their membership in a particular social group (PSG) and the harm they experienced. To establish a nexus for asylum, a petitioner must show that their PSG membership was "at least one central reason" for their persecution. *Antonio v. Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023) (citation modified). To establish a nexus for withholding, membership in petitioners' PSG must be "a reason" for their persecution—a lower standard. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(C)). The failure to meet the lower "a reason" standard necessarily undermines both claims.

Here, some aspects of Ana's testimony suggest that she may have been targeted by gang members because of her gender. But other aspects suggest that the mistreatment she experienced was suffered by the public generally, regardless of

gender, which "casts doubt" on her assertion that there was a nexus to her asserted protected ground. *See id.* On this record, substantial evidence supports the BIA's conclusion that the gangs engaged in a pattern of general criminal activity that was not motivated by Petitioners' protected characteristics. *See id.* (citing *Garland v. Ming Dai*, 593 U.S. 357, 370 (2021)); *see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (finding that substantial evidence supported agency decision when Petitioner failed to present any evidence beyond his opinion as to the motives for his victimization).

Because Ana's "ambiguous testimony" before the agency "does not compel the conclusion that [a protected ground] was a reason for [her] persecution," *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021), it necessarily follows that it was also not "a central reason" for Petitioners' persecution. *Cf. Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). We deny the petition as to Petitioners' claims for asylum and withholding of removal.

2. ***CAT.*** Petitioners also challenge the agency's denial of relief under CAT. For this relief, a petitioner must prove "that it is more likely than not" that she will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Part of that showing requires a petitioner to show that the torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R.

§ 1208.18(a)(1). There is acquiescence "when prior to the activity constituting torture, the officials: (1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023) (citation modified).

While Petitioners are correct that the record shows serious violent crime is rampant in Honduras, that general evidence does not compel the conclusion that Honduran officials would acquiesce in any torture they might suffer at the hands of private actors. Nor does the record otherwise indicate that the Honduran government was "aware of or willfully blind to" the mistreatment the gangs inflicted on Petitioners when Petitioners did not report it to authorities. *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations."). Substantial evidence thus supports the BIA's denial of protection under CAT because petitioners failed to demonstrate the Honduran government would acquiesce

in their torture. We deny the petition as to the CAT claim.

**PETITION DENIED.**[1]

---

[1]Petitioners' motion to stay removal, Dkt. No. 1, is denied. The temporary administrative stay of removal is lifted.